[Civ. No. 14220.  First Dist., Div. Two.  Mar. 2, 1950.]

HENRY M. GRIFFOUL, Appellant, v. ALBERT MAX SEEMAN, Respondent.

James F. Boccardo for Appellant.

Applebaum & Mitchell for Respondent.

NOURSE, P. J.—Plaintiff sued for damages for personal injuries and injuries to his car.  The jury returned a general verdict for $770.  Plaintiff appeals on the ground that the verdict is insufficient.

The appeal presents no question of law.  It rests squarely on the settled rule that when a verdict is based on competent and sufficient evidence it will not be disturbed solely because there may be conflicting evidence.  Taking the evidence in the light of that which is favorable to respondent, as we are required to do under this rule, it appears that when plaintiff stopped in obedience to an intersectional traffic signal in the city of Oakland his car was struck from the rear by the car driven by defendant.  Plaintiff drove his car to two

hospitals in Hayward and East Oakland, but the hospital records do not show any entry. He then drove to his home in San Jose and the next day consulted a physician.

Plaintiff claimed injury to his neck requiring the use of a neck brace, injury to his car, and loss in his business. The evidence showed that the pain in the neck was caused by a misplaced vertebra of many years' standing, that the accident did not add to the previous injury or cause additional pain. Since the jury was able to observe the plaintiff during the trial and, since he testified that sometimes for three or four days a week he did his work without the neck brace, the jury may have drawn the inference that the neck brace was worn merely to create an impression that plaintiff was seriously injured. The evidence showed that repairs made to the car covered wornout parts which were not affected by the collision. The evidence showed that instead of suffering a loss in his business following the accident plaintiff's business increased from a $3,500 a month gross to $9,500 a month gross, and that he had plenty of work—was working nine hours a day.

On the whole the evidence was such that the jury could well have drawn the inference that plaintiff's physical injuries were slight and that the special damages claimed were grossly exaggerated.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.